UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>UADA</small> S<small>ELMIC</small>,

   Plaintiff,         Hon. Janet T. Neff

v.               Case No. 1:20-cv-85

C<small>OMMISSIONER OF</small> S<small>OCIAL</small>
S<small>ECURITY</small>,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

   This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 29 years old on her alleged disability onset date. (ECF No. 7-13, PageID.906). She possesses a 10th grade education and worked previously as a machine operator and assembly worker. (ECF No. 7-2, PageID.70, 86). Plaintiff applied for benefits on January 22, 2015, alleging that she had been disabled since May 10, 2013, due to carpal tunnel syndrome, nerve damage in her hand, and post-traumatic stress disorder (PTSD). (ECF No. 7-13, 7-14, PageID.905-20, 938).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 7-11, 7-12, 7-13, PageID.799-903). Following an administrative hearing, ALJ Michael Condon, in an opinion dated December 18, 2018, determined that Plaintiff did not qualify for disability benefits. (ECF No. 7-2, PageID.60-72, 82-125). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.27-33). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2017. (ECF No. 7-2, PageID.63). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits, and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) history of right carpal tunnel syndrome post carpal tunnel release surgery; (2) history of right shoulder degenerative joint disease/AC arthrosis with impingement post-surgery; (3) right cubital tunnel syndrome post-surgery; (4) post-traumatic stress disorder (PTSD);

and (5) depressive disorder secondary to physical health issues with major depression like features, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 7-2, PageID.63-65).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) during an 8-hour workday, she can sit and stand/walk for 8 hours each; (2) she cannot lift more than 5 pounds with her right upper extremity, but can use her right upper extremity to assist her left upper extremity; (3) she can lift 20 pounds with her left upper extremity; (4) she cannot perform overhead reaching with her right upper extremity; (5) she cannot kneel or crawl; (6) she cannot climb ladders, ropes, or scaffolds; (7) she can perform no more than frequent handling and fingering with her right upper extremity; (8) she cannot have more than occasional exposure to vibration; (9) she can be exposed to no more than moderate noise levels; (10) she is limited to simple, routine work that involves making simple work-related decisions; (11) she can tolerate occasional workplace changes; and (12) she can have only occasional contact with the general public, co-workers, and supervisors. (*Id.*, PageID.65).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 100,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 7-2, PageID.115-24). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.   Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

The ALJ concluded that Plaintiff can perform a limited range of light work. Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ overstated Plaintiff's ability to use her right upper extremity. While the ALJ found that Plaintiff could perform a limited range of light work, the ALJ also recognized that Plaintiff's ability to use her right upper extremity is diminished and limited her accordingly. The medical record supports the ALJ's RFC assessment.

In 2013, Plaintiff was diagnosed with "mild" carpal tunnel syndrome in her right wrist. (ECF No. 7-15, PageID.997). Later that year, Plaintiff underwent carpal tunnel release surgery after which Plaintiff experienced "dramatic" and "significant" improvement. (*Id.*, PageID.1049, 1051, 1066-67). A December 5, 2014, examination revealed that Plaintiff's right upper extremity was "myoneurovascularly intact" with "normal sensory and motor function." (*Id.*,

PageID.1047).  Subsequent examinations revealed similar findings.  (ECF No. 7-16, PageID.1124, 1144).  In 2015, Plaintiff underwent arthroscopic surgery on her right shoulder.  (*Id.*, PageID.1138-39).  In 2016, Plaintiff underwent ulnar nerve decompression surgery on her right elbow.  (*Id.*, PageID.1136-37).  Subsequent examinations revealed that these procedures were successful in lessening Plaintiff's pain and symptoms.  (*Id.*, PageID.1124, 1129, 1144, 1146).

While the Court recognizes that Plaintiff experiences severe impairments that limit her ability to utilize her right upper extremity, the ALJ accounted for those impairments in his RFC assessment, which is supported by substantial evidence. Plaintiff's argument to the contrary is that the ALJ should have weighed the evidence differently.  This is not a basis for relief.

## II.   Treating Physician Doctrine

Two of Plaintiff's care providers, a therapist and a Physician's Assistant, both opined that Plaintiff's emotional impairments render her incapable of performing any work activity.  (ECF No. 7-16, PageID.1116-18, 1120-23).  The ALJ afforded "reduced weight" to these opinions.  (ECF No. 7-2, PageID.69).  Plaintiff argues that she is entitled to relief because the ALJ failed to afford appropriate weight to the opinions of his "treating physician/therapists."

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must, therefore, give controlling weight to the opinion

-8-

of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Ibid.* (citation omitted). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible

Case 1:20-cv-00085-JTN-PJG   ECF No. 17, PageID.1209   Filed 11/02/20   Page 10 of 15

evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Ibid.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Therapist Gale Dunn Volkerding completed an assessment of Plaintiff's ability to perform "mental work-related activities." (ECF No. 7-16, PageID.1116-18). Specifically, Volkerding assessed Plaintiff's abilities in fifteen areas encompassing: (1) making occupational adjustments; (2) making performance adjustments; and (3) making personal/social adjustments. Volkerding concluded that Plaintiff experienced "extreme limitations" in thirteen areas and "marked limitations" in two areas.[1] Volkerding further concluded that Plaintiff experienced

---

[1] The form Volkerding completed defines an "extreme" limitation as "a degree of limitation that is incompatible with the ability to do any gainful activity." The

"extreme" limitations in her ability to (1) perform activities of daily living; (2) maintain social functioning; and (3) maintain concentration, persistence, or pace. Finally, Volkerding reported that Plaintiff experiences "four or more" episodes of decompensation "per week" each lasting "1-2 days." Physician's Assistant Paul Costanzo completed an identical form reaching only slightly less extreme conclusions. (*Id.*, PageID.1121-23).

As the ALJ concluded, these opinions are not supported by the medical record. The medical record before the ALJ contained very few treatment notes regarding Plaintiff's treatment for her emotional impairments. (*Id.,* PageID.1069-72, 1093-97). This evidence provides no support for the opinions in question. Likewise, the remaining medical evidence regarding Plaintiff's physical impairments does not support the extreme opinions in question. As the ALJ further concluded, neither Volkerding nor Costanzo are acceptable medical sources whose opinions enjoy any level of deference. *See* 20 C.F.R. §§ 404.1502, 404.1527, 416.902, 416.927. In sum, the ALJ articulated good reasons, supported by substantial evidence, to discount the opinions in question. Accordingly, this argument is rejected.

---

form defines a "marked" limitation as one that "seriously, but not completely, interferes with the ability to function independently, appropriately and effectively on a sustained basis."

### III.  Plaintiff is not Entitled to a Sentence Six Remand

The administrative records contain several hundred pages of medical records that were not properly presented to the ALJ.  This additional evidence falls into two categories: (1) evidence improperly submitted to the ALJ, and (2) evidence first submitted to the Appeals Council.  Plaintiff argues that the Court should consider the evidence in question when resolving her appeal.  Plaintiff further argues, in the alternative, that she is entitled to a remand of this matter so that the evidence in question can be considered.  The Court disagrees.

It is well understood that this Court cannot consider evidence that was not properly presented to the ALJ.  *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered.  *Cline*, 96 F.3d at 148.  To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence.  *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001).  Plaintiff bears the burden of making this showing. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

A.	Evidence Improperly Submitted to the ALJ

If a claimant wishes to submit additional evidence to the ALJ, such as medical records, the evidence must be submitted "no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. §§ 404.935, 416.1435. If a claimant submits evidence beyond this deadline, the ALJ "may decline to consider or obtain the evidence" unless the claimant demonstrates one of three exceptions: (1) she was misled by the Commissioner; (2) she experienced a physical, mental, educational, or linguistic limitation that prevented her from timely submitting the evidence; or (3) there exists "some other unusual, unexpected, or unavoidable circumstance beyond [her] control" which prevented her from timely submitting the evidence. 20 C.F.R. §§ 404.935, 416.1435.

Plaintiff, who was represented by counsel, submitted several hundred pages of medical records prior to the administrative hearing. (ECF No. 7-3 – 7-10, , PageID.127-797). As the ALJ noted, however, Plaintiff failed to submit the evidence in accordance with the "5-day rule" articulated above. (ECF No. 7-2, PageID.60). Moreover, Plaintiff submitted the material "without any explanation" as to why such was not timely submitted. (*Id.*). Accordingly, the ALJ "decline[d] to admit [the] evidence" in question. (*Id.*). This decision was well within the ALJ's discretion. *See, e.g., Prichard v. Commissioner of Social Security*, 2020 WL 5544412 at *4 (S.D. Ohio, Sept. 16, 2020) ("because Plaintiff did not submit the evidence to the ALJ five days prior to the hearing in compliance with the 5-day rule, and because he did not demonstrate that his untimeliness was excusable under the relevant

regulation, the ALJ reasonably declined to consider it"); *Arthur L. v. Berryhill*, 2019 WL 4395421 at *3-4 (N.D.N.Y., June 6, 2019) (same). The Court finds no error, therefore, in the ALJ's decision to not consider the evidence in question.

The Court is not persuaded that Plaintiff is entitled to a remand for the consideration of this evidence. First, Plaintiff offers no argument that there existed good cause for her failure to properly present the evidence in question to the ALJ. Plaintiff likewise offers no argument that consideration of this evidence would likely result in a different outcome. Accordingly, the Court finds that Plaintiff is not entitled to a remand for the consideration of this evidence.

    B.    Evidence Submitted to the Appeals Council

Subsequent to the ALJ's decision, Plaintiff was hospitalized for five days for treatment of depression. (ECF No. 7-2, PageID.34-56). Because this evidence post-dates the ALJ's decision, it is not considered "new" evidence. *See Templeton v. Commissioner of Social Security*, 215 Fed. Appx. 458, 463 (6th Cir., Feb. 8, 2007) ("evidence is new only if it was not in existence or was not available prior to the ALJ's decision"). Furthermore, Plaintiff offers no argument that consideration of this evidence would result in a different outcome. Accordingly, the Court finds that Plaintiff is not entitled to a remand for the consideration of this evidence.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 2, 2020        /s/ Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge