UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUADA SELMIC,

    Plaintiff,

v.

                                  Case No. 1:20-cv-85

                                  HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits (DIB) and supplemental security income (SSI).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.  Defendant filed a response to the objections.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court has performed de novo review of the portions of the Report and Recommendation to which Plaintiff objects.  For the following reasons, the Court denies the objections and issues this Memorandum Opinion and Order.

A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b).  *See Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992) ("[The] purpose [of filing objections]

is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge.").

Plaintiff's objections to the Report and Recommendation concern three topics. First, with regard to her residual functional capacity (RFC), Plaintiff argues that the Magistrate Judge "failed to justify his holding" (Pl. Obj., ECF No. 18 at PageID.1216-1217). The Magistrate Judge held that the ALJ's RFC assessment is supported by substantial evidence (R&R, ECF No. 17 at PageID.1206). In support of this holding, the Magistrate Judge referenced Plaintiff's successful right shoulder and right elbow surgeries and evidence that she had "experienced 'dramatic' and 'significant' improvement" after a carpal tunnel release surgery (*id.* at PageID.1206-1207). The Magistrate Judge pointed out that Plaintiff's argument that the ALJ should have weighed the evidence differently "is not a basis for relief" (*id.* at PageID.1207). Plaintiff's objection merely reiterates this argument and is properly denied. *See Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 402 (6th Cir. 2018) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

Next, with regard to the Magistrate Judge's assessment of the ALJ's consideration of the opinion evidence from Gale Dunn Volkerding, a therapist, and Paul Costanzo, a physician's assistant, Plaintiff "ask[s] this Court to consider just how accurate that assessment may be" (Pl. Obj., ECF No. 18 at PageID.1218-1219). Plaintiff merely reiterates the evidence delineated in her initial brief (*id.*; *see* Initial Brief, ECF No. 14 at PageID.1172-1173) and does not address the evidentiary shortcomings in her argument that the Magistrate Judge identified (R&R, ECF No. 17 at PageID.1209-1210). Plaintiff's objection therefore fails to demonstrate any factual or legal error in the Magistrate Judge's assessment. Accordingly, this second objection is properly denied.

Last, Plaintiff argues that the Magistrate Judge erred in concluding that she was not entitled to remand for the consideration of her evidence submitted less than five business days before her hearing (Pl. Obj., ECF No. 18 at PageID.1219-1220).  The Magistrate Judge determined that "Plaintiff offer[ed] no argument that there existed good cause for her failure to properly present the evidence in question to the ALJ" (R&R, ECF No. 17 at PageID.1213).  As Defendant points out, "Plaintiff again fails to provide any explanation in her Objections to the Report and Recommendation that would qualify as good cause" (Resp., ECF No. 19 at PageID.1224).  Further, the Magistrate Judge found that Plaintiff "offer[ed] no argument that consideration of this evidence would likely result in a different outcome" (R&R, ECF No. 17 at PageID.1213).  Aside from merely stating that the evidence would "[o]f course" meet the standards, Plaintiff provides no explanation of how the evidence would change the outcome of this case (Pl. Obj., ECF No. 18 at PageID.1220).  This third objection is therefore also properly denied.

Having denied the objections, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enter a Judgment consistent with this Memorandum Opinion and Order.  *See* FED. R. CIV. P. 58.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 18) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 17) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

Dated:  December 3, 2020                                      /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                              United States District Judge